Franklin County *v.* Middleton.*

(Division B.   Nov. 16, 1925.)

[105 So. 856.   No. 25036.]

Animals.  *County not liable for death of ox in attempt to drive to dipping vat; "killed in process of dipping."*

Death of plaintiff's ox from being tangled up in ropes with which it was being lassoed to be driven to a dipping vat, in attempt

of county to enforce Cattle Fever Tick Law, was not within Laws 1916, chapter 167, as amended by Laws 1917, chapter 38, section 1, making county liable for stock killed "in process of dipping or as a result of such dipping for the eradication of cattle tick;" the statute being in derogation of common law, and plaintiff being required to bring his cause within its provision.

---

*Headnote 1.  Animals, 3 C. J., Section 153.

APPEAL from circuit court of Franklin county.

HON. R. L. CORBAN, Judge.

Action by W. P. Middleton against Franklin county: Judgment for plaintiff, and defendant appeals. Reversed and judgment rendered.

*V. H. Torrey,* for appellant.

This is not a case within the section of law, making the inspector of the county liable, since the damage was not in the process of dipping, within the meaning of the law. Section 2, chapter 167, Laws of 1916, requires the owner to make proof before board of supervisors of the injury or death of the animal, and that he was not guilty of contributory negligence. Here the proof shows that he continuously failed to dip or have .dipped this ox, and was violating the law every time he failed so to do.

I submit that a just and a legal conclusion is that the county could not be held liable in damages, since no liability could attach in the absence of negligence shown; and if negligence had been charged and proved, in this case as to the manner of roping the ox by the range-riders, they being bonded officers, liable civilly upon the official bond for any damages to cattle or other live stock resulting, from their negligence or incompetency, would have been liable and not the county. See *Horton* v. *Lincoln County,* 116 Miss. 821. The lassoing of the ox, under the circumstances detailed by the witnesses, was no part of the process of dipping, for which an owner could force payment of damages from the board of supervisors, since

the process of dipping, as a matter of law, begins when the owner reaches the vat with his cattle and places them in the charge of the inspector.

*C. F. Cowart,* for appellee.

The pleadings stated a cause of action. See A. & E. Ecnyc. Pl. and Pr., page 116. It is an o'd and elementary principle of law that the proceedings in a justice court will be treated with great indulgence, the substance looked to and not the form. See *Town* v. *H. Lufkin & Son,* 114 Miss. 693; *Ladnier* v. *Ladnier,* 64 Miss. 368.

The record contains abundant evidence that the agents of the county were negligent and incompetent in the discharge of their duties.

Properly instructed, the verdict of a jury will not be disturbed, unless there is no evidence on which to base the verdict. *Illinois Cent. R. R. Co.* v. *Smith,* 102 Miss. 276. A verdict of the jury under proper instruction, rendered on conflicting testimony, is conclusive. See 104 Miss. 586; 109 Miss. 167; 115 Miss. 734; 119 Miss. 142. Nor will this court set aside a verdict rendered by a jury merely because it believes the verdict contrary to the weight of evidence. See 107 Miss. 97.

We believe the jury was properly instructed, that the testimony is practically undisputed, and that appellee has shown that he was damaged as required by chapter 38, Laws of 1917. The county had the ox in control with the specific purpose of dipping him immediately, and the process of dipping would necessarily include the conduct of both the thing to be dipped and the dipper from the time the agent took control of the animal until it had passed through the vat and was inspected and painted.

ANDERSON, J., delivered the opinion of the court.

This is an action by appellee, W. P. Middleton, against appellant, Franklin county, for the value of an ox owned

by appellee which he claims was killed by appellant in an effort to enforce the Cattle Fever Tick Law (chapter 167, Laws of 1916, as amended by chapter 38 of the Laws of 1917). There was a judgment for appellee for eighty dollars, from which judgment appellant prosecutes this appeal.

Appellant claimed that appellee had violated the Cattle Fever Tick Law by refusing to dip his cattle, including the ox in question, and sent out its "rangers" to drive appellee's cattle to a dipping vat and dip them. The rangers in an effort to carry out appellant's instructions lassoed appellee's ox; the ox broke away from them and got away and in a few days afterwards was found dead, caused from being tangled up in the ropes which were used to lasso him. This did not occur at or near the county dipping vat where the ox was to be dipped. Section 1, chapter 38, Laws of 1917, provides, in substance, that a county shall be liable to the owner of any live stock for a reasonable compensation where his stock is killed or permanently injured "in the process of dipping or as a result of such dipping for the eradication of cattle tick," etc.

The question is whether or not appellee's ox was killed in the process of dipping or as a result of such dipping. Following the case of *Covington* v. *Pickering,* 123 Miss. 20, 85 So. 114, we hold that the death of appellee's ox was not caused by the process of dipping or as a result of such dipping. The injury which the statute makes the county liable for must take place during the actual process of dipping. What takes place while driving the live stock or attempting to drive them to the dipping vat is not covered by the statute. The statute is in derogation of the common law, and, to make the county liable, plaintiff must bring his cause within the provision of the statute.

*Reversed, and judgment here for appellant.*